Ubaldo Mio Gutierrez / CDC# T-54483
Name and Prisoner/Booking Number

OLD FOLSOM STATE PRISON
Place of Confinement

P.O. BOX 715071
Mailing Address

REPRESA, CA 95671
City, State, Zip Code

FILED
Aug 23, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Ubaldo Mio Gutierrez
(Full Name of Plaintiff)         Plaintiff,

v.

(1) P. REYERSBACH (C/O)
(Full Name of Defendant)
(2) J. PANTOJA (LT)
(3) J. ALBIN (LT)
(4) C. CARRILLO (CCI)
                              Defendant(s).
☑ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-cv-1492-JDP (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**
(Jury Trial Demanded)

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: FOLSOM STATE PRISON P.O. BOX 715071 REPRESA, CA. 95671

Revised 3 15 2016                            1

ATTACHED PAGE 1-A DEFENDANTS

5. T. JOHNSON (AW)
    (DEFENDANT)

6. RICK M. HILL (WARDEN)
    (DEFENDANT)

_____
         DEFENDANT(S).

A1 (ATTACHMENT)

## B. DEFENDANTS

1. Name of first Defendant: **SEE 2-B ATTACHMENT**. The first Defendant is employed as:
   _____ at _____.
   (Position and Title)                          (Institution)

2. Name of second Defendant: **SEE 2-B ATTACHMENT**. The second Defendant is employed as:
   _____ at _____.
   (Position and Title)                          (Institution)

3. Name of third Defendant: **SEE 2-B ATTACHMENT**. The third Defendant is employed as:
   _____ at _____.
   (Position and Title)                          (Institution)

4. Name of fourth Defendant: **SEE 2-B ATTACHMENT**. The fourth Defendant is employed as:
   _____ at _____.
   (Position and Title)                          (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☐ Yes   ☒ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

PARTIES:

A.) UBALDO MIO GUTIERREZ, IS THE PLAINTIFF IN THE CASE AND RESIDES AT FOLSOM STATE PRISON, LOCATED AT P.O. BOX 715071, REPRESA, CALIFORNIA. 95671-5071.

(2-B ATTACHMENT)

B.) DEFENDANTS:

P. REYERSBACH, IS THE DEFENDANT IN THE CASE AND WORKS FOR CDC AS A CORRECTIONAL OFFICER AT FOLSOM STATE PRISON (FSP), LOCATED AT P.O. BOX 715071, REPRESA, CALIFORNIA, 95671-5071. HE IS BEING SUED IN HIS INDIVIDUAL CAPACITY.

C.)

J. PANTOJA IS THE DEFENDANT IN THE CASE AND WORKS FOR THE CDC AS A CORRECTIONAL LIEUTENANT AT (FSP), LOCATED AT P.O. BOX 715071, REPRESA, CALIFORNIA 95671-5071, AND IS IN CHARGE WITH THE RESPONSIBILITY OF DIRECTLY SUPERVISING, TRAINING, CORRECTING, DISCIPLINE OF STAFF AND PRISONERS UNDER HIS CHARGE. HE IS BEING SUED IN HIS INDIVIDUAL CAPACITY.

D.)

J. ALBIN, IS THE DEFENDANT IN THE CASE AND WORKS FOR CDC AS A CORRECTIONAL LIEUTENANT AT (FSP), LOCATED AT P.O. BOX 715071, REPRESA, CALIFORNIA 95671-5071, AND IS IN CHARGE WITH THE RESPONSIBILITY OF DIRECTLY SUPERVISING, TRAINING, CORRECTING, DISCIPLINE OF STAFF AND PRISONERS UNDER HIS CHARGE. HE IS BEING SUED IN HIS INDIVIDUAL CAPACITY.

E.)

C. CARRILLO, IS THE DEFENDANT IN THE CASE AND WORKS FOR CDC AS A CORRECTIONAL COUNSELOR (CCII)(A) AT FOLSOM STATE PRISON (FSP), LOCATED AT P.O. BOX 715071, REPRESA, CALIFORNIA, 95671-5071 AND IS DIRECTLY

CHARGED WITH ENSURING / THE RESPONSIBILITY OF REVIEWING AND ISSUING DECISIONS BASED ON CLAIMS OF MISTREATMENT AND VIOLATIONS OF CONSTITUTIONAL RIGHTS RAISED BY PRISONERS THROUGH THE 602 INMATE/PAROLEE APPEAL PROCESS (HEREAFTER "602"), AS OF DUTIES OF AN APPEALS COORDINATOR ASWELL AS A COUNSLOR.

F.)
T. JOHNSON, IS THE DEFENDANT IN THE CASE AND WORK FOR THE CDC AS THE ASSOCIATE WARDEN AT (FSP), LOCATED AT P.O. BOX 715071; REPRESA, CALIFORNIA 95671-5071, AND IS IN CHARGE WITH SUPERVISION, TRAINING, CORRECTING AND DISCIPLINE OF ALL STAFF AND PRISONERS UNDER HIS/HER CHARGE. HE/SHE HAD A FURTHER DUTY TO INVESTIGATE AND REPORT COMPLAINTS MADE BY PRISONERS UNDER HIS/HER CHARGE WHO ALLEGE MISTREATMENT BY STAFF AND VIOLATIONS OF THIER CONSTITUTIONAL RIGHTS BY STAFF. HE IS BEING SUED IN HIS/HER INDIVIDUAL CAPACITY.

G.)
RICK M. HILL, IS THE DEFENDANT IN THE CASE AND WORKS FOR CDC AS THE WARDEN AT (FSP), LOCATED AT P.O. BOX 715071, REPRESA, CALIFORNIA 95671-5071, AND IS CHARGED WITH THE OVERALL RESPONSIBILITY FOR THE OPERATION, MANAGEMENT, AND ADMINISTRATION OF FSP. HE HAD THE ADDITIONAL RESPONSIBILITY FOR SUPERVISION, TRAINING, CORRECTING AND DISCIPLING ALL STAFF AND PRISONERS UNDER HIS CHARGE. HE HAD FURTHER DUTY TO REVIEW AND ACT UPON PRISONERS COMPLAINTS ALLEGING RETALIATORY MISTREATMENT AND VIOLATIONS OF THIER CONSTITUTIONAL RIGHTS. HE IS BEING SUED IN HIS INDIVIDUAL CAPACITY.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: Due Process (14th amendment) and California Constitution Article 1 sec. 7, part 1 of 2 / Equal Protection of Law (14th amend.) 14, 4, 8th Amend. falsification of documents P.C. 134, false report P.C. 118.1, FRAUD)

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☒ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Officer P. REYERSBACH OPENED LEGAL MAIL THAT WAS ALLEGEDLY SENT TO PLAINTIFF. UPON OPENING THE MAIL SENT BY A LAW OFFICE THAT IS IN VIOLATION TO TITLE 15 CCR. 3144(a), 3143(a) officer P. Reyersbach STATED HE FOUND A CELLULAR PHONE. PLAINTIFF WAS GIVEN A 115 DISCIPLINARY WRITE UP AND WAS PUT ON "C" STATUS FOR 6 MONTHS, WHICH "C" STATUS STATES THAT ALL PRIVILEGES ARE TO BE TAKEN FROM THE PERSON BEING PUT ON "C" STATUS. Officer P. Reyersbach violation was in not opening the legal mail in the presence of the inmate Title 15 CCR. 3144(a), 3143(a). Also plaintiff never got the chance to refuse the legal mail because plaintiff has never written, or spoken with the law firm which is in question. Officer P. Reyersbach went as far as to call the law firm and ask them if I was a client in which the law firm told him "No", I was never a client of that firm. It is not documented anywhere that the law firm had sent me any mail at the time of this incident. Due to these facts pointed out by the plaintiff officer P. Reyersbach changes his whole statement of what he did and how he did it to support his lie of producing a cell phone and finding the plaintiff guilty of conspiracy to possess a cell phone, which plaintiff never even seen, touched, or had possession of. I would of never excepted legal mail from some office I never wrote to or had any connection with. Violation of P.C. 134, P.C. 118.1

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). Mental stress, oppression, loss of privileges (yard, phone calls, electronics, limited canteen etc.), was put on loss of privileges for 6 months, segregation, confinement & all for a total of 6 months.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

# CLAIM II

1. State the constitutional or other federal civil right that was violated: Due process, Equal Protection of Law (4th & 8th Amendments), 14th amend

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☒ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   LT. J. Pantoja violated my due process rights because the LT. Pantoja did not allow plaintiff to bring officer P. Reyerbach to ask him question. Also LT. Pantoja only found plaintiff guilty because plaintiff had a prior cellphone history in which the plaintiff pled guilty in 2016 as stated in the comment section of the Rule violation Report, by LT. J. Pantoja. LT. Pantoja did not want to log into the record the questions the plaintiff had for officer P. Reyersbach and/or did not want to call him in or call him on the phone for questioning. Also LT. Pantoja did not want to give the plaintiff a investigative employee to ask officer P. Reyersbach questions, or to look for this suppose cellphone evidence. Plaintiff told the LT. J. Pantoja numerous times that he had not recieved or signed for any legal mail on that day from anyone, and that he never expected any legal mail from anyone. However, LT. J. Pantoja said it was found in the mail room by officer P. Reyersbach and that he believes and backs up his officers. Even if his officer broke the rules by opening confidential legal mail out of the presence of the inmate. LT. J. PANTOJA REFUSED TO DISMISS THIS RULE VIOLATION AGAINST PLAINTIFF KNOWING THAT THER WEREN'T ANY FACTS SUSTAINING HIS GUILTY VERDICT OF CONSPIRACY TO POSSESS A CELL PHONE. IN VIOLATION OF PLAINTIFFS DUE PROCESS SO LT. PANTOJA IS LIABLE & FOR PARTICIPATION IN THIS COVER UP. DUE TO THESE FACT LT. J. PANTOJA IS RESPONSIBLE AND LIABLE FOR INJURIES TO PLAINTIFF.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Mental Stress, oppression, loss of privileges (yard, phone calls during Covid, electronics, canteen etc.) was put on loss of all privileges for 6 months, segragated, confinement, all for a total of 6 months.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Claim II?   ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?   ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: <u>Due Process Equal Protection of Law violation 4th, 8th, 14th Amends., FRAUD, FALSIFICATION OF DOCUMENTS P.C. 134 P.C. 118.1</u>

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☒ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   LT. J. ALBIN VIOLATED PLAINTIFFS DUE PROCESS BY NOT DISMISSING THE VIOLATION REPORT AGAINST PLAINTIFF, AFTER HE LEARNED THAT THE PLAINTIFF WAS NEVER GIVEN ANY LEGAL MAIL, OR SIGNED ANY LEGAL MAIL, OR WAS EVER IN ANY POSSESSION, OF A CELLPHONE OR LEGAL MAIL, ALSO AFTER HE LEARNED NO LEGAL MAIL WAS LOGGED IN ON THE SUPPOSE DATE @ COMING IN FOR THE PLAINTIFF. LT. J. ALBIN ALSO CHOSE TO NOT ALLOW ANY QUESTIONS TO BE PUT IN FOR THE RECORD TO OFFICER P. REYERSBACH, OR ALLOWED OFFICER P. REYERSBACH TO COME IN FOR QUESTIONING, DURING THE HEARING AGAINST PLAINTIFF. LT. J. ALBIN WENT AS FAR AS TO DISCUSS THE PLAINTIFFS CASE AND EVIDENCE WITH OFFICER REYERSBACH AS TO NOTIFYING HIM TO CHANGE HIS FIRST STATEMENT REPORT, SO AS TO WHERE, WHEN, HOW AND WHAT OFFICER P. REYERSBACH DID DURING THE SEARCH OF WHERE AND HOW HE FOUND A CELLPHONE, AND IF HE CALLED THE LAW OFFICE BEFORE OR AFTER. THEN DURING THE SECOND LEVEL OF REVIEW OF THE 602 PROCESS OFFICER P. REYERSBACH CHANGE HIS STATEMENT TO REFLECT THE GUILTY VERDICT, AND TO COVER UP HIS VIOLATIONS OF CDCR TITLE 15 RULES SEC. 3144(a), 3143(a), IN VIOLATION OF P.C. 118.1 and P.C. 134. DUE TO THESE FACTS LT. J. ALBIN IS RESPONSIBLE AND LIABLE TO INJURIES AND DAMAGES CAUSED TO THE PLAINTIFF.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   MENTAL STRESS, OPPRESSION, loss of privileges, was put on "C" status 6 months, and confinement

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

CLAIM IV

1. STATE THE CONSTITUTION OR OTHER FEDERAL CIVIL RIGHT THAT WAS VIOLATED:

   VIOLATION OF: EQUAL PROTECTION, DUE PROCESS OF LAW VIOLATION 4th, 8th, 14th AMENDMENTS, FRAUD, FALSIFICATION OF DOCUMENTS (P.C. 134, P.C. 118.1)

2. ISSUE INVOLVED:
   DISCIPLINARY PROCEEDINGS

3. SUPPORTING FACTS:

   CCII C. CARRILLO VIOLATED PLAINTIFFS DUE PROCESS BY NOT ALLOWING PETITIONER TO FILE TO THE NEXT LEVEL OF THE 602 GRIEVENCE PROCESS. C. CARRILLO KEPT REJECTING MY 602 GRIEVENCE 8 TIMES IN 3 MONTHS, FROM JANUARY 2020 - MARCH 2020 FOR FRIVOLOUS REASONS. MR. C. CARRILLO FINALLY NOTICED THAT PLAINTIFF WOULD NOT STOP FILING HIS GRIEVENCE MR. C. CARRILLO CCII SUMMONS THE PLAINTIFF VIA DUCAT ON FEBRUARY 13, 2020 AND TRIED TO PURSUAY THE PLAINTIFF WITH THREATS TO DISMISS HIS 602 GRIEVENCE, OR "STOP FILING BECAUSE THINGS WOULD GET DIFFICULT FOR PLAINTIFF." THE PLAINTIFF RESPOND BY SAYING "WHY ARE YOU CONTINUEING TO STOP MY 602 APPEAL FROM GOING TO THE SECOND LEVEL OF RESPONSE" MR. C. CARRILLO DID NOT HAVE AN ANSWER AND KICKED THE PLAINTIFF OUT OF HIS OFFICE. PLAINTIFF GUTIERREZ CONTINUED TRYING TO FILE UNDER NEW 602 GRIEVENCES, AND WAS DENIED/REJECTED BY MR. C. CARRILLO (CCII) AS WELL. ON APRIL 24, 2020 PLAINTIFF GUTIERREZ WAS DUCATED/SUMMOND TO INTERVIEW WITH C. CARRILLO (CCII) ONCE AGAIN. PLAINTIFF GUTIERREZ WITH A NEW CCII AND WAS ADVISED THAT ALL THE 602'S GRIEVENCES WEREN'T GOING TO AMOUNT OR GO ANYWHERE, HOWEVER SHE WOULD TRY AND PASS IT ALONG TO THE NEXT LEVEL. CCII C. CARRILLO DELIBRATLY TRIED NUMBEROUS TIMES (8 REJECTIONS, THREATS, AND DISMISSALS OF 4) 602 GRIEVENCES FILED BY PLAINTIFF, TO BLOCK ANY AND ALL ACCESS OF THE PLAINTIFF DUE PROCESS RIGHTS OF FILING A 602 GRIEVENCE APPEAL, ALONG WITH THREATS OF RETALIATION. ALONG WITH NOT LETTING PLAINTIFF BRING OFFICER REYERSBACH TO ASK QUESTIONS.

DUE TO THE FACTS PLAINTIFF IS HOLDING CCII C. CARRILLO LIABLE OF ALL VIOLATIONS STATED ABOVE, AND INJURIES TO PLAINTIFF.

4. Injury:

MENTAL STRESS, OPPRESSION, LOSS OF PRIVILEGES FOR 6 MONTHS, CONFINEMENT, SEGRAGATION, FEAR.

5.) ADMINISTRATIVE REMEDIES:

A. YES  WE HAVE A 602 GRIEVANCE PROCEDURE.
B. YES  I SUBMITTED A REQUEST FOR ADMINISTRATIVE RELIEF ON CLAIM IV.
C. YES  I APPEALLED MY REQUEST FOR RELIEF ON CLAIM & IV TO THE HIGHEST LEVEL.
D.

CLAIM V

1. STATE THE CONSTITUTIONAL OR FEDERAL CIVIL RIGHT THAT WAS VIOLATED: <u>DUE PROCESS, EQUAL PROTECTION OF LAW VIOLATION 4th, 8th, 14th AMENDMENT.</u>

2. ISSUE INVOLVED:

   <u>DISCIPLINARY PROCEEDINGS</u>

3. SUPPORTING FACTS:

   AFTER PLAINTIFF RECEIVED A NEW INCIDENT REPORT WHICH WAS CHANGED BY OFFICER P. REYERSBACH, THE PLAINTIFF NOTIFIED THE CHIEF DEPUTY WARDEN (CDW) T. JOHNSON OF ALL THE REJECTIONS, AND THE NEWLY FOUND EVIDENCE, ALONG WITH A LOG OF ALL INCOMING AND OUT GOING MAIL TO PROVE PLAINTIFF HAD NOTHING TO DO WITH THIS. T. JOHNSON WENT AHEAD AND LIED ON THE PLAINTIFFS 602 APPEAL THAT THERE WHERE NO NEW ISSUES AND DENIED PLAINTIFFS 602 APPEAL. PLAINTIFF WENT AHEAD A FILED A NEW 602 APPEAL STAFF COMPLAINT AGAINST T. JOHNSON FOR NOT CONSIDERING THE EVIDENCE PRESENTED (APPEAL # FSP-O-20-00823) WHICH WAS ALSO DENIED/REJECTED BY THE APPEALS COORDINATOR TWICE FOR FRIVOLOUS REASONS, AND WAS CONTINUING TO GET BLOCKED ONCE AGAIN FROM GOING TO THE SECOND LEVEL OF REVIEW. DUE TO THESE FACT T. JOHNSON (CDW) IS ALSO RESPONSIBLE AND LIABLE FOR DAMAGES CAUSED TO THE PLAINTIFF. T. JOHNSON (CDW) ALSO FALSIFIED A SIGNATURE OR THE WARDEN RICK M. HILL.

4. INJURIES:

   MENTAL STRESS, OPPRESSION, CONFINEMENT, SEGRAGATION, LOSS OF PRIVILEGES UP TO 6 MONTHS.

5. A. YES   THERE ARE GRIEVANCE PROCEDURES AVAILABLE IN THIS INSTITUTION.
   B. YES   I SUBMITTED A REQUEST FOR ADMINISTRATIVE RELIEF ON CLAIM V.
   C. YES   I APPEALED MY REQUEST FOR RELIEF ON CLAIM V TO HIGHEST LEVEL.

## CLAIM VI

1. STATE THE CONSTITUTIONAL OR FEDERAL CIVIL RIGHTS THAT WAS VIOLATED:
   DUE PROCESS, EQUAL PROTECTION OF LAW VIOLATION 4th, 8th, 14th AMENDMENTS.

2. ISSUE INVOLVED:
   DISCIPLINARY ACTION/PROCEEDINGS

3. SUPPORTING FACTS:

   AFTER PLAINTIFF COULD NOT GET ANYONE TO NOTICE THE DUE PROCESS VIOLATIONS, AND THE CHANGE IN THE REPORT BY OFFICER P. REYERSBACH DURING THE SECOND LEVEL OF REVIEW THAT WOULD OF PROVED AND SHOWN OFFICER P. REYERSBACH WAS LYING/MISREPRESENTING THE TRUTH TO COVER UP HIS ILLEGAL ACTIVITY OF SETTING UP PLAINTIFF GUTIERREZ. THE PLAINTIFF WENT AHEAD A SENT THE WARDEN RICK M. HILL CONFIDENTIAL MAIL NOTIFING HIM OF ALL THE ILLEGAL ACTIVITY. MR. RICK M. HILL NEVER RESPONDED. SHORTLY AFTER PLAINTIFF GUTIERREZ FILLED A 602 GRIEVENCE AGAINST THE WARDEN RICK M. HILL ON FEB. 20th 2020 (602#: FSP-O-20-00292) NOTIFING HIM OF ALL THE ILLEGAL ACTIVITY AND VIOLATION OF DUE PROCESS. ONCE AGAIN CCII C. CARRILLO STEPS IN AND BEGINS TO SCREEN OUT AND REJECT MY 602 TO RICK M. HILL SO THAT IT DOESN'T REACH ITS DESTINATION. PLAINTIFF WAS REJECTED AND SCREENED OUT TWICE BY C. CARRILLO AND WAS TOLD BY C. CARRILLO THAT HIS 602 WOULD NEVER AMOUNT TO ANYTHING. PLAINTIFF WENT AHEAD AND SENT A INMATE REQUEST FOR INTERVIEW TO THE WARDEN RICK M. HILL ON THE SAME DAY HE SENT IN THE 602 TO THE WARDEN TO MAKE

sure the warden received it, and still did not receive a response from the warden. Plaintiff went as far to send a request to the captain Lanigan asking to speak to him, and the captain refused to speak to the plaintiff. Due to the facts stated above plaintiff Gutierrez is holding <u>Warden Rick M. Hill</u> responsible for all of the damage and injury plaintiff Gutierrez was and has been put through. Also since Warden Rick M. Hill is in charge of everything that happens in Folsom State Prison as well as in charge of the officers, there is no way he (warden) was not aware of these issues, especially after petitioner filed a "602 Grievence" and a "Rights and Responsibility" complaint against the (Warden Rick M. Hill) and the other officers involved.

4. Injury:
   Mental stress, oppression, confinement, segragation, etc.

5. Administrative Remedies:

A. <u>YES</u>  We have a 602 grievence procedure.

B. <u>YES</u>  I submitted a request for administrative relief on claim <u>VI</u>.

C. <u>YES</u>  I appealled my request for relief on claim <u>VI</u> to the highest level.

## E. REQUEST FOR RELIEF

State the relief you are seeking:
$400,000.00 per defendant that was involved in thier misconduct and due to abuse of thier athonrity. $400,000 per def officer (6 officers) equals= 2.4 million. (LT. J. Pantoja, LT. J. ALBIN, CCII C. Carrillo, ISU P. Reyersbach, CDW T. Johnson, warden Rick M. Hill). ALSO FOR ALL OF THE OFFICERS INVOLVED TO BE FIRED AND NOT ALLOWED TO WORK FOR CDCR OR IN ANY POSITION OF AUTHORITY FOR THE NEXT 20 YEARS.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2022
DATE

SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

# UNITED STATES DISTRICT COURT
Eastern District Court of California
Keith Holland, Clerk
Jenna Nelson, Chief Deputy

☐ **REPLY TO:**
Divisional Office
2500 Tulare St. #1-500
Fresno, California 93721

## CLERK'S NOTICE

☐ **REPLY TO:**
Office of the Clerk
501 I Street #4-200
Sacramento, CA 95814

TO:
Ubaldo Mio Gutierrez #T-54483
Old Folsom State Prison
P.O. Box 715071
Represa, CA 95671

Case Number: n/a

RE: Pleadings and/or Correspondence received on: 7/25/22

☒ **E-FILING**: Pursuant to Standing Order of the Chief District Judge entitled "In Re: Procedural Rules for Electronic Submission of Prisoner Litigation filed by Plaintiffs Incarcerated", the document(s) can not be filed because your institution participates in the e-filing program with the court. Per the Standing Order, the document(s) is (are) returned unfiled and must be filed under E-Filing procedure with the Librarian/Litigation Coordinator. When filing documents under E-Filing procedures, please include this document (Clerk's Notice) with the e-filing documents.

Thank you for your future attention to this matter.

AK          7/26/22

Deputy Clerk    Date