1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  UBALDO MIO GUTIERREZ, | Case No.  2:22-CV-01492-JDP (PC) |
| 12       Plaintiff, | SCREENING ORDER THAT PLAINTIFF: |
| 13    v. | (1)   PROCEED ONLY WITH THE CLAIM FOUND COGNIZABLE, OR |
| 14  P. REYERSBACH, *et al*., | |
| 15       Defendants. | (2)   DELAY SERVING ANY DEFENDANT AND FILE AN AMENDED COMPLAINT |
| 16 | |
| 17 | ECF No. 1 |
| 18 | THIRTY-DAY DEADLINE |
| 19 | ORDER THAT PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* BE GRANTED |
| 20 | |
| 21 | ECF No. 2 |
| 22 | |

23          Plaintiff Gutierrez, a prisoner proceeding without counsel in this civil rights action under

24  42 U.S.C. § 1983, alleges several violations of his constitutional rights.  ECF No. 1.  As currently

25  pled, plaintiff has stated a claim for retaliation against defendant Carrillo but has otherwise failed

26  to state a claim.  Plaintiff must choose whether to proceed only with his retaliation claim against

27  Carrillo or to delay serving any defendant and to file an amended complaint.  Plaintiff has also

28  filed a motion to proceed *in forma pauperis*, ECF No. 2, which I will grant.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff Gutierrez, a prisoner at Folsom State Prison, alleges that defendant Reyersbach, a corrections officer at Folsom, opened his legal mail outside of his presence and discovered a contraband cell phone. ECF No. 1 at 6. He alleges that Reyersbach then filed a rule violation against him for conspiracy to possess a cell phone, resulting in plaintiff being sentenced to six

months in segregation and a loss of privileges.  *Id.*  He claims that relying on this evidence

violates his rights under the Fourteenth Amendment Due Process clause, both because

Reyersbach discovered the alleged contraband by improperly opening his legal mail and because

plaintiff purportedly would not have accepted a package from a law firm with which he has no

relationship.  *Id.* (explaining that he "never got the chance to refuse the legal mail because [he]

has never written or spoken with the law firm").  He further alleges that defendants Pantoja and

Albin—both lieutenants at Folsom—violated his due process rights during the subsequent

disciplinary hearing by preventing him from questioning Reyersbach and by failing to dismiss the

charge against him.  *Id.* at 7 & 8.

The Due Process clause entitles prisoners to certain procedural protections before being

subjected to disciplinary sanctions; however, it only applies where the sanctions are severe

enough to "implicate[] a protected liberty interest—that is,  . . . [if they] impose an 'atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Brown v.

Or. Dep't. of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014) (quoting *Sandin v. Conner*, 515 U.S. 472,

484 (1995)).  If a plaintiff can show such an atypical and significant hardship, he is entitled to

notice of disciplinary charges, an opportunity to present a defense, an explanation for the

decision, and an impartial hearing officer.  *See Wolff v. McDonnell*, 418 U.S. 539, 568 (1974).

As currently pled, these allegations are not sufficient to state cognizable procedural due

process claims.[1]  As an initial matter, the allegation that plaintiff was sentenced to six months in

segregated confinement does not provide sufficient facts to plausibly allege an atypical and

significant hardship.[2]

---

[1] Plaintiff does not allege that opening his legal mail violated his First or Sixth
Amendment rights.  However, had he done so, his allegations would also be insufficient to state a
claim since he expressly disclaims the existence of an attorney-client relationship.

[2] Although placements in segregation can "impose[] an atypical and significant hardship,"
*Brown*, 751 F.3d at 987, "determining whether a prison hardship is atypical and significant . . .
'requires case by case, fact by fact consideration.'"  *Serrano*, 345 F.3d at 1078 (quoting *Keenan v.
Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996)).  In conducting this inquiry, courts assess factors
including how the conditions imposed compare to conditions in other housing placements, "the
duration . . . [and] degree of restraint imposed . . . [, and] whether the state's action will invariably
affect the duration of the prisoner's sentence."  *Id.* (citing *Sandin*, 515 U.S. at 486-487).

1    Even assuming that his housing placement implicated a protected liberty interest, the

2    allegation that Reyersbach charged him with possessing a contraband cell phone based on

3    insufficient or unlawfully obtained evidence fails to state a cognizable procedural due process

4    claim.  "[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly

5    accused of conduct which may result in the deprivation of a protected liberty interest."

6    *Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), *aff'd*, 453 F. App'x

7    751 (9th Cir. 2011); *see also Harper v. Costa*, No. 2:07-cv-02149-LKK-DAD, 2009 WL

8    1684599, at *2-3 (E. D. Cal. June 16, 2009) (collecting cases), *aff'd*, 393 F. App'x 488 (9th Cir.

9    2010).  The Due Process Clause requires only that prisoners be afforded certain procedural

10   protections, set forth in *Wolff v. McDonnell*, 418 U.S. 539, 568 (1974), and that "*some evidence*

11   supports the decision by the prison disciplinary board," *Superintendent v. Hill*, 472 U.S. 445, 455

12   (1985) (emphasis added).  The finding of a contraband cell phone in a package addressed to

13   plaintiff meets this deferential standard, even if the phone was obtained in violation of a prison

14   regulation or constitutional rule.  *See Hines v. Gomez*, 108 F.3d 265, 269-70 (9th Cir. 1997)

15   (holding that the bare allegations of a prison official satisfied the "some evidence" standard, even

16   after finding a dispute of fact as to whether the allegations were retaliatory).

17   Plaintiff's allegations that defendants Pentoja and Albin refused him an opportunity to

18   question defendant Reyersbach are similarly insufficient.  Although an absolute proscription on

19   calling witnesses would fall short of the minimal due process to which prisoners are entitled in

20   disciplinary hearings, prison officials retain wide latitude in determining when and how a prisoner

21   may question a particular witness.  *See Mitchell v. Dupnik*, 75 F.3d 517, 525 (9th Cir. 1996)

22   ("[Due process] does require that 'the decision to preclude the calling of a witness should be

23   made on a case-by-case analysis of the potential hazards which may flow from the calling of a

24   particular person.'") (quoting *Bartholomew v. Watson*, 665 F.2d 915, 918 (9th Cir. 1982)).

25   Particularly in light of the insufficient allegations of an atypical and significant hardship, the bare

26   allegation that plaintiff was denied the opportunity to call a single witness is insufficient to plead

27   a denial of due process; at a minimum, he should indicate whether defendants provided any

28   reason for the denial and how the denial affected his ability to present a defense.

4

Plaintiff also brings claims against defendants Carrillo and Johnson—respectively, a correctional counselor and the chief deputy warden Folsom—for a variety of alleged failures in processing his grievances.  ECF No. 1 at 9-13.  He alleges that Carrillo improperly rejected his grievance eight times in three months and, on at least one occasion, threatened retaliation by saying that plaintiff should "stop filing because things would get difficult for [him]."  *Id.* at 9.  He similarly alleges that Johnson improperly denied his grievance and "lied on the plaintiff's 602 appeal that there were no new issues."  *Id.* at 11.  These allegations do not state due process claims, since a prisoner has "no legitimate claim of entitlement to a grievance procedure."  *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure).  However, because "the mere threat of harm can be an adverse action, regardless of whether it is carried out," *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009), his allegation that Carrillo warned him to stop filing grievances states a potentially cognizable claim for retaliation under the First Amendment.  *See Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) (denying summary judgment on a retaliation claim where an official denied a grievance and warned the prisoner to "be careful what he writes and requests in his administrative grievances") (internal marks omitted).

Finally, plaintiff claims that defendant Hill, the warden at Folsom, is liable in his capacity as supervisor.  *Id.* at 12.  Because plaintiff fails to allege specific facts from which to infer Hill's knowledge or personal involvement in any constitutional violation, his allegations do not state a claim.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under § 1983.").

Within thirty days, plaintiff must either advise that he wishes to proceed only with his cognizable claim against Carrillo or delay serving any defendant and file and amended complaint. If he decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current

5

complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.   Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2

2.   Within thirty days from the service of this order, plaintiff must either advise that he wishes to proceed only with his cognizable claim or delay serving any defendant and file and amended complaint.

3.   Failure to comply with this order may result in the dismissal of this action.

4.   The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    November 29, 2022                   _____
                                             JEREMY D. PETERSON
                                             UNITED STATES MAGISTRATE JUDGE