UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBALDO MIO GUTIERREZ,<br><br>           Plaintiff,<br><br>     v.<br><br>P. REYERSBACH, *et al*.,<br><br>           Defendants. | Case No.  2:22-cv-01492-TLN-JDP (PC)<br><br>ORDER |

Plaintiff Gutierrez, a prisoner proceeding without counsel in this civil rights action under 42 U.S.C. § 1983, alleges several violations of his constitutional rights. ECF No. 11. I previously found that plaintiff's prior complaint stated a claim for retaliation against defendant Carrillo and otherwise failed to state a claim. ECF No. 6. Plaintiff's first amended complaint suffers from the same defects. Plaintiff may either proceed only with his claim against defendant Carrillo or delay service and amend his complaint a second time. If plaintiff's second amended complaint does not cure the defects identified below, I will recommend that his non-cognizable claims be dismissed.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff, a prisoner at Folsom State Prison, alleges that defendant Reyersbach opened mail sent him by a law firm and discovered in the mail a contraband cell phone. ECF No. 11 at 6. He alleges that Reyersbach then filed a rule violation against him for conspiracy to possess a cell phone. *Id.* He alleges that, at the subsequent disciplinary hearing, defendants Pantoja and Albin denied him the ability to call defendant Reyersbach as a witness and sentenced him to six months of segregated confinement and reduced privileges. *Id.* at 7 & 8. Based on these allegations, he claims that defendants Reyersbach, Albin, and Pantoja violated his rights under the Fourth

2

Amendment, Eighth Amendment, and the Fourteenth Amendment's Due Process and Equal Protection clauses.  *Id.* at 6-8.

Plaintiff first claims that defendant Reyersbach violated his due process rights by issuing a rules violation report for conspiracy to possess a cell phone based upon insufficient evidence.  *Id.* at 6.  "[T]he issuance of a false [rules violation report] . . . does not, in and of itself, support a claim under section 1983."  *Holguin v. Qualls*, 1:17-CV-00376-AWI-SAB (PC), 2017 WL 2423660, at *2 (E.D. Cal. June 5, 2017) (citing *Johnson v. Felker*, No. 1:12-cv-02719-GEB-KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct.") (citations omitted)).

Plaintiff next claims that defendants Johnson and Albin violated his rights at the disciplinary hearing by preventing him from questioning Reyersbach at his disciplinary hearing and by sentencing him to six months in segregated confinement based on insufficient evidence.  *Id.* at 7-8.  The Due Process Clause entitles prisoners to certain procedural protections before being subjected to disciplinary sanctions; however, it only applies where the sanctions are severe enough to "implicate[] a protected liberty interest—that is, . . . [if they] impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Brown v. Or. Dep't. of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  Plaintiff's allegations that he was sentenced to six months in segregated confinement and to reduced privileges do not provide sufficient facts to plausibly allege an atypical and significant hardship.  *Cf. Brown*, 751 F.3d at 987 (holding that a twenty-seven-month term in solitary confinement constitutes an atypical and significant hardship because of the extreme "duration of [the plaintiff's] confinement") (citations omitted).[1]

Like the due process claim, *see supra* note 1, the first amended complaint offers only threadbare allegations in support of plaintiff's Eighth Amendment claim.  It alleges that plaintiff

---

[1] If plaintiff elects to amend his complaint, he should provide additional detail regarding the nature of his segregated confinement and how it compared to conditions in other housing placements.  *Cf. Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (assessing "whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody") (marks and citations omitted).

was sentenced to six months in segregated confinement and a loss of privileges, but it provides no additional facts regarding the conditions of his confinement, the particular privileges lost, or how defendants might have been deliberately indifferent. ECF No. 11 at 6-8. Such vague allegations are insufficient to state a cognizable claim under the Eighth Amendment. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (holding that placements in disciplinary segregation do not violate the Eighth Amendment unless the allegations "show serious deprivation and deliberate indifference").

The first amended complaint does not clearly indicate which factual allegations form the basis for plaintiff's Fourth Amendment and equal protection claims. *See* ECF No. 11 at 6-8. Liberally construed, the Fourth Amendment claims appear to be based on the allegations that Reyersbach searched plaintiff's legal mail outside of his presence. *See* ECF No. 11 at 6. Searches of a prisoner's possessions, including their legal mail, do not implicate the Fourth Amendment. *See Mitchell*, 75 F.3d at 522 ("An inmate ordinarily has no reasonable expectation of privacy as to his jail cell or his possessions within it . . . including his legal materials.") (citing *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984)).[2] Likewise, the first amended complaint does not state a colorable equal protection claim because it neither alleges plaintiff's membership in a "suspect class" nor identifies a similarly situated group whom defendants intentionally treated differently. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (recognizing a "class of one" equal protection claim "where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment"); *Al Saud v. Days*, 50 F.4th 705, 709-10 (9th Cir. 2022) ("The Equal Protection Clause

---

[2] Inspecting or opening prisoners' legal mail is governed by the First and Sixth Amendments. Had plaintiff alleged claims under those amendments, the allegations would also be insufficient to state a claim both because he alleges only one instance of opening his mail outside his presence and because his allegations suggest that the mail was not, in fact, legal mail. *See* ECF No. 11 at 6 (expressly disclaiming the existence of an attorney-client relationship and alleging that defendant Reyersbach called the sender to confirm that plaintiff was not a client); *cf. Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail.").

prohibits the government from classifying people based on suspect classes, unless the classification is narrowly tailored to satisfy a compelling governmental interest.").

Plaintiff also alleges an assortment of claims against defendants Johnson, Hill, and Carrillo stemming from alleged failures to process his grievances or stop the allegedly unconstitutional acts against him. ECF No. 11 at 9-15. In addition to generally alleging that Johnson and Hill are liable in their supervisory capacities, he alleges that Johnson and Carrillo wrongly denied his grievances, and that Carrillo threatened him by stating that "things would get difficult if [plaintiff] continued to pursue [his] grievance." *Id.* at 9-10. The allegations against defendant Carrillo are sufficient for screening purposes to state a cognizable claim for retaliation under the First Amendment. *See Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) (denying summary judgment on a retaliation claim where an official denied a grievance and warned the prisoner to "be careful what he writes and requests in his administrative grievances") (internal marks omitted). However, his allegations are otherwise insufficient to state a claim under any constitutional provision because a prisoner has "no legitimate claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure), and because plaintiff has not alleged specific facts from which to infer Johnson or Hill's knowledge or personal involvement in any constitutional violation, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under § 1983.").

Within thirty days, plaintiff must either advise that he wishes to proceed only with his cognizable claim against Carrillo or delay serving any defendant and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in both prior complaints, plaintiff will need to assert each claim and allege each defendant's involvement in

sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that his non-cognizable claims be dismissed.

Accordingly, it is ORDERED that:

1.  Within thirty days from the service of this order, plaintiff must either advise that he wishes to proceed only with his cognizable claim against defendant Carrillo or delay serving any defendant and file a second amended complaint.

2.  Failure to comply with this order may result in the dismissal of this action.

3.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:  May 3, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6