UBALDO MIO GUTIERREZ
Name and Prisoner/Booking Number

FOLSOM STATE PRISON
Place of Confinement

P.O. BOX 715071
Mailing Address

REPRESA, CA 95671
City, State, Zip Code

**FILED**

JUN 30 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

UBALDO MIO GUTIERREZ ,
(Full Name of Plaintiff)   Plaintiff,

v.

(1) P. REYERSBACH (C/O) ,
(Full Name of Defendant)
(2) J. PANTOJA (LT.) ,
(3) J. ALBIN (LT.) ,
(4) T. JOHNSON (AW) ,
(5) RICK M. HILL (WARDEN) Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-CV-01492-TLN-JDP
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☒ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____.

2. Institution/city where violation occurred: FOLSOM STATE PRISON P.O. BOX 715071 REPRESA, CA 95671

Revised 3/15/2016                                1

## B. DEFENDANTS

1. Name of first Defendant: **P. PEYERSBACH**. The first Defendant is employed as: **CORRECTIONAL OFFICER** at **FOLSOM STATE PRISON**.
   (Position and Title) (Institution)

2. Name of second Defendant: **J. PANTOJA**. The second Defendant is employed as: **LIEUTENANT** at **FOLSOM STATE PRISON**.
   (Position and Title) (Institution)

3. Name of third Defendant: **J. ALBIN**. The third Defendant is employed as: **LIEUTENANT** at **FOLSOM STATE PRISON**.
   (Position and Title) (Institution)

4. Name of fourth Defendant: **T. JOHNSON**. The fourth Defendant is employed as: **ASSOCIATE WARDEN** at **FOLSOM STATE PRISON**.
   (Position and Title) (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☒ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

(2B ATTACHMENT)

NAME OF DEFENDANT: RICK M. HILL. THE FIFTH DEFENDANT IS EMPLOYED AS: WARDEN AT FOLSOM STATE PRISON.

### D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: (4th, 8th, 14th AMENDMENTS) DELIBERATE INDIFFRENCE, EQUAL PROTECTION, DUE PROCESS VIOLATIONS. FALSIFICATION OF DOCUMENTS P.C.134, FALSE REPORT OF LAW P.C. 118.1 FRAUD

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☒ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

WHEN MAIL IS CLEARLY MARKED AS PRIVILEGED AND IS RELATED TO YOUR CASE, PRISON OFFICIALS CAN NOT READ IT. THEY CAN ONLY OPEN IT IN YOUR PRESENCE TO INSPECT FOR CONTRABAND. (CASTILLO V. COOK COUNTY MAILROOM, 990 F. 2d 304 (7th CIR. 1993). WOLFF V. MCDONNELL 418 U.S. 539 (1974). OFFICER P. REYERBACH OPENED LEGAL MAIL THAT WAS ALLEGEDLY SENT TO PLAINTIFF. UPON OPENING THE LEGAL MAIL SENT BY A LAW OFFICE, IT'S IN VIOLATION OF FEDERAL LAW AND THE CDCR TITLE 15 SEC. 3144(a) AND §3143(a). PLAINTIFF WAS GIVEN A 115 DISCIPLINARY WRITE UP AND WAS STRIPPED OF PRIVILEDGES FOR A PERIOD OF 6 MONTHS. PLAINTIFF NEVER GOT THE CHANCE TO REFUSE THE LEGAL FROM A FIRM HE DOES NOT RECOGNIZE, AND PLAINTIFF NEVER SIGNED FOR IT, OR EXPECTED ANY LEGAL MAIL FROM A FIRM HE'S NEVER SPOKEN TOO. P. REYERSBACH WENT AS FAR AS TO CALL THE LAW FIRM AND ASK THEM IF I WAS A CLIENT, IN WHICH THE FIRM TOLD HIM "NO" AND I WAS NEVER A CLIENT OF THAT FIRM. IT IS NOT DOCUMENTED ANYWHERE THAT LEGAL MAIL ARRIVED TO THIS PRISON ADDRESSED TO ME (SEE EX.4) WHICH SHOWS ALL INCOMING MAIL FROM 2018-2020. DUE TO THESE FACTS POINTED OUT BY PLAINTIFF P. REYESBACH CHANGED HIS WHOLE STATEMENT OF WHAT HE DID AND HOW HE DID IT TO SUPPORT HIS LIE OF PRODUCING A CELL PHONE AND FINDING THE PLAINTIFF GUILTY OF CONSPIRICY TO POSSESS A CELL PHONE. PLAINTIFF NEVER CONSPIRED WITH ANYONE AND UNTIL THIS DAY THERE IS NO EVIDENCE OF CONSPIRACY, BECAUSE IT TAKE 2 OR MORE PEOPLE TO HAVE A CONSPIRACY, OR CONSPIRE WITH. P. REYERSBACH CLEARLY VIOLATED NUMBEROUS LAWS P.C. 134, P.C. 118.1, AND PLAINTIFFS 4th, 14th, AND 8th AMENDMENTS.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
CIVIL CONSPIRACY, MENTAL STRESS, OPPRESSION, LOSS OF PRIVILEGES, CONFINEMENT, SEGRAGATION FOR A TOTAL OF 6 MONTHS.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: 4th, 8th, AND 14th AMENDMENTS EQUAL PROTECTION OF LAW, DUE PROCESS, DELIBERATE INDIFFRENCE, UNREASONABLE SEARCH AND SEIZURES.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☒ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   LT. J. PANTOJA VIOLATED PLAINTIFF EQUAL PROTECTION OF LAW ALONG WITH PLAINTIFF 4th 8th 14th AMEND BY NOT ALLOWING PLAINTIFF TO BRING OFFICER P. REYERSBACH TO ASK HIM QUESTIONS OF THIS SAID INCIDENT. ALSO LT. J. PANTOJA ONLY FOUND PLAINTIFF GUILTY BECAUSE THE PLAINTIFF HAD A PRIOR CELLPHONE HISTORY IN WHICH THE PLAINTIFF PLED GUILTY TOO IN 2016 AS STATED IN THE COMMENT SECTION OF THE RULES VIOLATION REPORT BY LT. J. PANTOJA. THE LT. J. PANTOJA DID NOT WANT TO PUT ON THE RECORD THE QUESTIONS THE PLAINTIFF HAD FOR OFFICER P. REYERBACH AND/OR DID NOT WANT TO CALL HIM IN FOR OR ON THE PHONE FOR QUESTIONING. LT. PANTOJA ALSO DID NOT WANT TO GIVE THE PLAINTIFF AN INVESTIGATIVE EMPLOYEE TO ASK P. REYERBACH QUESTIONS, OR TO LOOK FOR THIS SUPPOSE CELL PHONE EVIDENCE. THE PLAINTIFF TOLD LT. PANTOJA NUMBEROUS TIMES THAT I HAD NOT RECEIVED OR SIGNED FOR ANY LEGAL MAIL ON THAT DAY OR FROM THAT SO CALLED LAW FIRM. HOWEVER, LT. PANTOJA SAID IT WAS FOUND IN THE MAILROOM BY OFFICER P. REYERBACH AND THAT HE BELIEVES AND BACKS UP HIS OFFICERS EVEN IF HIS OFFICER BROKE THE RULES BY OPENING CONFIDENTIAL LEGAL MAIL OUT OF THE PRESENCE OF THE INMATE, AND OR LIED ON THE RULE VIOLATION REPORT. LT. J. PANTOJA REFUSES TO DISMISS THE RVR AGAINST PLAINTIFF KNOWING THAT THEIR WERENT ANY FACTS SUSTAINING GUILTY VERDICT OF CONSPIRACY. SO LT. J. PANTOJA FALLS WITTHIN VIOLATION OF SUPERIOR LIABILITY FOR NOT DISMISSING AND FIXING/RECTIFING THE SITUATION WHEN HE HAD THE AUTHORITY TOO. (continue on page 4A (next page))

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   MENTAL STRESS, OPPRESSION, LOSS OF PRIVILEGES, CONFINEMENT, SEGREGATION FOR 6 MONTHS

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

CLAIM II

PRISON DISCIPLINARY HEARING FINDING OF CONSPIRACY- POSESSION OF CELL PHONE VIOLATED DUE PROCESS SOME EVIDENCE REQUIREMENT, WERE ABSENT THE IMPERMISSIBLE USE OF GUESS WORK THERE IS ZERO EVIDENCE TO SUPPORT PETITIONER MADE CONSPIRATORIAL AGREEMENT WITH UNKNOWN SENDER TO RECEIVE CONTRABAND IN THE MAIL.

SUPPORTING FACTS:

A CELLPHONE ARRIVED TO THE PRISONS MAILROOM IN A PACKAGE MARKED LEGAL PAPERS AND ADDRESSED TO PETITIONER. PRISON STAFF CONFISCATED THE PACKAGE IN THE MAILROOM AND CALLED THE LAW OFFICE ADDRESSED ON THE PACKAGE AND INQUIRED AS TO WHETHER PETITIONER WAS NOT A CLIENT. PRISON STAFF THEN NOTIFIED PETITIONERS HOUSING UNIT STAFF TO APPRISE PETITIONER THAT HE WOULD BE RECEIVING A RULES VIOLATION REPORT (RVR) FOR CONSPIRACY- POSSESSION OF CELLULAR TELEPHONE.

AT PETITIONERS DISCIPLINARY HEARING THE HEARING OFFICERS CONCLUDED THAT BECAUSE THE SENDER KNEW PETITIONER'S SPECIFIC PRISON LOCATION, THE MANNER IN WHICH THE CONTRABAND WAS CONCEALED IN THE PACKAGE, AND PETITIONERS PAST POSSESSION OF CELLPHONES THAT IT WAS NOT REASONABLE TO BELIEVE PETITIONER WAS NOT AWARE OR DID NOT CONSPIRE WITH THE SENDER AND FOUND PETITIONER GUILTY.

LAW:

PETITIONER ASKS THE COURT PURSUANT TO EVID. CODE SECTION 452, SUBDIVISON (d)(1), TO TAKE JUDICIAL NOTICE OF THE CASE OF RAY V. KERNAN, 2018 U.S. DIST. LEXIS 197195. RAY WAS A CALIFORNIA PRISONER WHO RECEIVED A RULES VIOLATION REPORT CHARGING HIM WITH CONSPIRACY AFTER

4A

marijuana was sent to him in the mail and intecepted in the prisons mailroom.

- The Ray court case found that the disciplinary hearing officer focused on the target offense "but scant attention to the need for an agreement between sender and addressee, eventhough an agreement to commit a target offense is the essence of a conspiracy."

Strong evidence of a target offense does not overcome the dearth of evidence of an agreement when the charge is that a prisoner has taken part in a conspiracy. (Ray v. Kernan) 2018 U.S. Dist. Lexis 197195 at page 12-13.

In conclusion, the Ray courts stated that "fairminded jurist would not disagree that the Superintendent v. Hill some evidence standard is not met by a mere guess, that an inmate might have engaged in wrongdoing and the conclusion that Ray was involved in a conspiracy to introduce marijuana into the facility was nothing more than a mere guess." (Ibid., at page 16).

Similarily, a well established principal of law is that "a legal inference cannot flow from the nonexistence of a fact; it can be drawn only from a fact actually established. It is axiomatic that an inference may not be based on suspicion alone, or on imagination, speculation, supposition, surmise, conjecture or guesswork" see (People v. Herrera, 136 Cal.App.4th 1191 at 1205.).

4A

ABSENT THE USE OF GUESSWORK THERE WAS ZERO EVIDENCE DEDUCED AT PETITIONERS DISCIPLINARY HEARING TO SUPPORT THAT PETITIONER MADE A CONSPIRATORIAL AGREEMENT WITH THE UNKNOWN SENDER TO RECEIVE A CELLPHONE THROUGH THE MAIL.

**CLAIM III**

1. State the constitutional or other federal civil right that was violated: 4th 8th AND 14th AMEN. EQUAL PROTECTION OF LAW, DUE PROCESS, DELIBERATE INDIFFRENCE, UNREASONABLE SEARCH AND SEIZURES, FRAUD P.C.134, FALSIFICATION OF DOCUMENTS P.C. 118.1

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☒ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: ___

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   LT. J. ALBIN VIOLATED PLAINTIFFS DUE PROCESS AND RIGHTS BY NOT DISMISSING THE VIOLATION REPORT AGAINST PLAINTIFF AFTER THE LT. ALBIN LEARNED THAT THE PLAINTIFF WAS NEVER GIVEN ANY LEGAL MAIL OR SIGNED ANY LEGAL MAIL OR WAS IN POSSESSION OR CONSPIRED TO HAVE A CELL PHONE. ALSO AFTER LT. ALBIN LEARNED THAT NO LEGAL MAIL WAS LOGGED IN ON DEC. 12, 2019 COMING IN FOR THE PLAINTIFF. LT. ALBIN ALSO CHOSE TO NOT ALLOW ANY QUESTIONS TO BE PUT IN FOR THE RECORD TO OFFICER P. REYERSBACH, OR THE OFFICER COME IN FOR QUESTIONS DURING THE HEARING AGAINST PLAINTIFF. LT. ALBIN WENT AS FAR AS TO DISCUSS THE PLAINTIFFS CASE AND EVIDENCE WITH OFFICER P. REYERBACH AS TO NOTIFING HIM TO CHANGE HIS FIRST STATEMENT REPORT AS TO WHERE, WHEN, AND HOW WHAT C/O P. REYERSBACH DID DURING THE SEARCH OF WHERE AND HOW HE FOUND A CELLPHONE, AND IF HE CALLED THE LAW FIRM BEFORE OR AFTER. THEN DURING THE 2ND LEVEL OF REVIEW OF THE 602 APPEAL PROCESS C/O P. REYERSBACH CHANGED HIS STATEMENT TO REFLECT THE GUILTY VIRDICT AND TO COVER UP HIS VIOLATIONS OF CDCR TITLE 15 RULES SEC. 3144(a), 3143(a) IN VIOLATION OF P.C. 118.1 AND P.C. 134. AS WELL AS CASTILLO V. COOK COUNTY MAIL ROOM, 990 F.2d 304 (7th CIR. 1993). DUE TO THESE FACTS LT. J. ALBIN IS RESPONSIBLE AND LIABLE TO THE INJURIES AND DAMAGES CAUSED TO THE PLAINTIFF "UNDER COLOR OF LAW".

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   MENTAL STRESS, OPPRESSION, LOSS OF PRIVILEGES, CONFINEMEN, SEGREGATION FOR A TOTAL OF 6 MONTHS.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ___

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5

CLAIM V

1. STATE THE CONSTITUTIONAL OR FEDERAL CIVIL RIGHT THAT WAS VIOLATED: DUE PROCESS, EQUAL PROTECTION OF LAW VIOLATION 4th, 8th, 14th AMENDMENT.

2. ISSUE INVOLVED:

   DISCIPLINARY PROCEEDINGS

3. SUPPORTING FACTS:

   AFTER PLAINTIFF RECEIVED A NEW INCIDENT REPORT WHICH WAS CHANGED BY OFFICER P. REYERSBACH, THE PLAINTIFF NOTIFIED THE CHIEF DEPUTY WARDEN (CDW) T. JOHNSON OF ALL THE REJECTIONS, AND THE NEWLY FOUND EVIDENCE, ALONG WITH A LOG OF ALL INCOMING AND OUT GOING MAIL TO PROVE PLAINTIFF HAD NOTHING TO DO WITH THIS. T. JOHNSON WENT AHEAD AND LIED ON THE PLAINTIFFS 602 APPEAL THAT THERE WHERE NO NEW ISSUES AND DENIED PLAINTIFFS 602 APPEAL. PLAINTIFF WENT AHEAD A FILED A NEW 602 APPEAL STAFF COMPLAINT AGAINST T. JOHNSON FOR NOT CONSIDERING THE EVIDENCE PRESENTED (APPEAL # FSP-O-20-00823) WHICH WAS ALSO DENIED/REJECTED BY THE APPEALS COORDINATOR TWICE FOR FRIVOLOUS REASONS, AND WAS CONTINUING TO GET BLOCKED ONCE AGAIN FROM GOING TO THE SECOND LEVEL OF REVIEW. DUE TO THESE FACT T. JOHNSON (CDW) IS ALSO RESPONSIBLE AND LIABLE FOR DAMAGES CAUSED TO THE PLAINTIFF. T. JOHNSON (CDW) ALSO FALSIFIED A SIGNATURE OR THE WARDEN RICK M. HILL.

4. INJURIES:

   MENTAL STRESS, OPPRESSION, CONFINEMENT, SEGRAGATION, LOSS OF PRIVILEGES UP TO 6 MONTHS.

5. A. YES   THERE ARE GRIEVANCE PROCEDURES AVAILABLE IN THIS INSTITUTION.
   B. YES   I SUBMITTED A REQUEST FOR ADMINISTRATIVE RELIEF ON CLAIM V.
   C. YES   I APPEALED MY REQUEST FOR RELIEF ON CLAIM V TO HIGHEST LEVEL.

CLAIM VI

1. STATE THE CONSTITUTIONAL OR FEDERAL CIVIL RIGHTS THAT WAS VIOLATED:
   <u>DUE PROCESS, EQUAL PROTECTION OF LAW   VIOLATION $4^{th}, 8^{th}$ +
   14th AMENDMENTS.</u>

2. ISSUE INVOLVED:
   <u>DISCIPLINARY ACTION/PROCEEDINGS</u>

3. SUPPORTING FACTS:

   AFTER PLAINTIFF COULD NOT GET ANYONE TO NOTICE THE DUE PROCESS VIOLATIONS, AND THE CHANGE IN THE REPORT BY OFFICER P. REYERSBACH DURING THE SECOND LEVEL OF REVIEW THAT WOULD OF PROVED AND SHOWN OFFICER P. REYERSBACH WAS LYING/MISREPRESENTING THE TRUTH TO COVER UP HIS ILLEGAL ACTIVITY OF SETTING UP PLAINTIFF GUTIERREZ. THE PLAINTIFF WENT AHEAD A SENT THE WARDEN <u>RICK M. HILL</u> CONFIDENTIAL MAIL NOTIFING HIM OF ALL THE ILLEGAL ACTIVITY. MR. RICK M. HILL NEVER RESPONDED. SHORTLY AFTER PLAINTIFF GUTIERREZ FILLED A 602 GRIEVENCE AGAINST THE WARDEN <u>RICK M. HILL</u> ON FEB. 20th 2020 (602#: FSP-O-20-00292) NOTIFING HIM OF ALL THE ILLEGAL ACTIVITY AND VIOLATION OF DUE PROCESS. ONCE AGAIN CCII C. CARRILLO STEPS IN AND BEGINS TO SCREEN OUT AND REJECT MY 602 TO <u>RICK M. HILL</u> SO THAT IT DOESN'T REACH ITS DESTINATION. PLAINTIFF WAS REJECTED AND SCREENED OUT TWICE BY C. CARRILLO AND WAS TOLD BY C. CARRILLO THAT HIS 602 WOULD NEVER AMOUNT TO ANYTHING. PLAINTIFF WENT AHEAD AND SENT A INMATE REQUEST FOR INTERVIEW TO THE <u>WARDEN RICK M. HILL</u> ON THE SAME DAY HE SENT IN THE 602 TO THE WARDEN TO MAKE

SURE THE WARDEN RECEIVED IT, AND STILL DID NOT RECEIVE A RESPONSE FROM THE WARDEN. PLAINTIFF WENT AS FAR TO SEND A REQUEST TO THE CAPTAIN LANIGAN ASKING TO SPEAK TO HIM, AND THE CAPTAIN REFUSED TO SPEAK TO THE PLAINTIFF. DUE TO THE FACTS STATED ABOVE PLAINTIFF GUTIERREZ IS HOLDING <u>WARDEN RICK M. HILL</u> RESPONSIBLE FOR ALL OF THE DAMAGE AND INJURY PLAINTIFF GUTIERREZ WAS AND HAS BEEN PUT THROUGH. ALSO SINCE WARDEN RICK M. HILL IS IN CHARGE OF EVERYTHING THAT HAPPENS IN FOLSOM STATE PRISON AS WELL AS IN CHARGE OF THE OFFICERS, THERE IS NO WAY HE (WARDEN) WAS NOT AWARE OF THESE ISSUES, ESPECIALLY AFTER PETITIONER FILED A "602 GRIEVANCE" AND A "RIGHTS AND RESPONSIBILITY" COMPLAINT AGAINST THE (WARDEN RICK M. HILL) AND THE OTHER OFFICERS INVOLVED.

4. <u>INJURY</u>:
MENTAL STRESS, OPPRESSION, CONFINEMENT, SEGRAGATION, ETC.

5. ADMINISTRATIVE REMEDIES:

A. <u>YES</u> WE HAVE A 602 GRIEVANCE PROCEDURE.

B. <u>YES</u> I SUBMITTED A REQUEST FOR ADMINISTRATIVE RELIEF ON CLAIM VI.

C. <u>YES</u> I APPEALED MY REQUEST FOR RELIEF ON CLAIM VI TO THE HIGHEST LEVEL.


<u>CAUSE OF ACTION</u>:

CIVIL CONSPIRACY, FRAUD, DELIBERATE INDIFFERENCE, OPPRESSION, IMPEDING, SUPERIOR LIABILITY...

## E. REQUEST FOR RELIEF

State the relief you are seeking:

$400,000.00 PER DEFENDANT THAT WAS INVOLVED IN THE MISCONDUCT DUE TO ABUSE OF THIER AUTHORITY. ALSO HAVE THE DEFENDANTS PAY THE COURT FEES AFTER THIS CASE IS DONE.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6-26-23
DATE

SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6