1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UBALDO MIO GUTIERREZ,                    Case No.  2:22-cv-01492-TLN-JDP (PC)

12          Plaintiff,                        **ORDER**

13      v.                                    DENYING PLAINTIFF'S MOTION TO
                                              COMPEL, MOTION TO APPOINT
14   P. REYERSBACH, *et al.*,                 COUNSEL, AND REQUEST FOR
                                              RESPONSE
15          Defendants.
                                              ECF Nos. 29, 41, & 43
16

17          Plaintiff, a prisoner proceeding *pro se*, brought this action alleging that defendant Pantoja

18   violated his due process rights during a prison disciplinary hearing.  ECF Nos. 15 & 16.  Now

19   pending is plaintiff's motion to compel, ECF No. 29, to which defendant has filed an opposition,

20   ECF No. 35.  For the reasons stated below, plaintiff's motion to compel is denied.  His motion for

21   appointment of counsel, ECF No. 41, and request for response, ECF No. 43, are also denied.

22                                **Motion to Compel**

23          A.      **Legal Standard**

24          Parties are obligated to respond to interrogatories to the fullest extent possible, under oath,

25   Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P.

26   33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("[O]bjections should be plain

27   enough and specific enough so that the court can understand in what way the interrogatories are

28   alleged to be objectionable").  A responding party is typically not required to conduct extensive

research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### B.    Background

This action proceeds solely based on plaintiff's claim that defendant Pantoja violated his due process rights during a prison disciplinary hearing by refusing to allow him to call a witness in his defense. ECF No. 11 at 6-8. Specifically, he claims that, after plaintiff received a disciplinary citation for attempting to smuggle a contraband cell phone into the prison, defendant Pantoja refused to allow him to call Reyersbach, the accusing officer, as a witness at the ensuing disciplinary hearing. *Id.* at 7-8. Plaintiff was convicted and sentenced to six months of segregated confinement and loss of privileges. *Id.*

### C.    Analysis

There are fifteen interrogatories and four requests for production at issue. I will address them separately, in the order presented by plaintiff.

### I.    Interrogatory Number One

This interrogatory asks: "Are there any recorded conversations of Folsom State Prison, phones that Plaintiff Gutierrez conspired with anyone to introduce contraband into Folsom State Prison? If yes, please turnover recordings and date of all." ECF No. 35 at 8.

Defendant objected on "the basis that it is overly broad because it seeks information that is not relevant to the claim or defense of any party. Defendant further objects to this interrogatory on the basis that it is overly broad, vague, and ambiguous as to time. Defendant also objects to the extent the interrogatory seeks information protected by the official-information privilege, the disclosure of which would threaten the security and safety of the institution. Because of the overly broad, vague, and ambiguous nature of this interrogatory, Defendant is not able to provide a declaration in support of the official-information privilege. Defendant also objects to this interrogatory on the basis that it is compound." *Id.* Based on these objections, defendant

1    declined to provide an answer.  *Id.*

2           In his opposition, defendant argues that the only claim at issue is whether defendant

3    violated plaintiff's rights by declining to allow him to call a witness during the prison disciplinary

4    hearing.  Thus, whether there are recordings that he conspired to move contraband is irrelevant.

5    *Id.* at 8-9.  In his motion to compel, plaintiff argues that the information is relevant because it will

6    show that the guilty finding against him was both substantively and procedurally incorrect.  ECF

7    No. 29 at 3.

8           This case is not a venue to relitigate the correctness of the guilty finding.  Indeed, the

9    Supreme Court has held that, with respect to the outcome of a disciplinary hearing, there need

10   only be "some evidence" to support the finding of guilt.  *Superintendent, Mass. Corr. Institution*

11   *v. Hill*, 472 U.S. 445, 458 (1985).  Plaintiff has not stated a separate claim that "some evidence"

12   does not underly his conviction.  Moreover, in his opposition to the motion to compel, defendant

13   asserts that that "[he] did not list any phone calls between Plaintiff and a third person" in the

14   hearing.  ECF No. 35 at 9.  Thus, I will uphold defendant's objections as to this interrogatory.

15                    **II.      Interrogatory Number Two**

16          Interrogatory number two asks "[a]re there any letters which alleges that Plaintiff

17   conspired to introduce contraband into Folsom State Prison?  If yes, please turnover [sic] copy of

18   letter."  *Id.*  Defendant raised the same objections, *id.*, and they are upheld for the same reasons

19   described above.

20                    **III.     Interrogatory Number Four**

21          Interrogatory number four asks, "[i]s it procedure to open legal mail in the mailroom?  If

22   yes, please turnover mailroom proceedure [sic] for legal mail."  *Id.* at 10.

23          Defendant objected arguing that the interrogatory "is overly broad because it seeks

24   information that is not relevant to the claim or defense of any party.  Defendant further objects to

25   this interrogatory on the basis that it is overly broad, vague, and ambiguous as to time.  Defendant

26   also objects on the basis that it is argumentative and requires the adoption of an assumption,

27   which is improper.  In addition, Defendant objects to this interrogatory on the basis that it is

28   compound.  Defendant further objects to the interrogatory to the extent that it asks for a legal

1  opinion." *Id.*

2       I agree that the interrogatory does not seek relevant information.  In his motion to compel,

3  plaintiff argues that the mail procedure is relevant because he will prove that it was not followed

4  on the day the contraband was found.  ECF No. 29 at 4.  This is irrelevant to the question of

5  whether plaintiff's rights were violated when defendant did not allow him to call Reyersbach as a

6  witness.  I do not follow plaintiff's logic.  Even if officials deviated from mailroom procedure on

7  the day the contraband was found, that deviation would not necessarily bear on his guilt or

8  innocence.  The objections to this interrogatory are upheld.

9               **IV.    Interrogatory Number Five**

10       Interrogatory number five asks "[h]as Plaintiff Gutierrez ever receive [sic] legal mail from

11  the law firm of 'Mifflin and Associates' according to the legal mail log books of all incomings

12  and outgoing legal mail?  If yes, turnover [sic] copy of received date."  ECF No. 35 at 11.

13       Defendant objected to this interrogatory as irrelevant, vague and ambiguous as to time,

14  compound, and unduly burdensome.  *Id.*  I agree.

15       As an initial matter, plaintiff should be aware if he has ever received mail from the law

16  firm at issue.  If he is seeking to have defendant admit or deny that he has received such mail, he

17  must do so by way of a request for admission.  Additionally, plaintiff's contention that he needs

18  the mail log books to prove he is innocent of the conspiracy charges he was convicted of, ECF

19  No. 29 at 5, is unpersuasive for the reasons identified in the analysis of the foregoing

20  interrogatories.

21               **V.    Interrogatory Number Six**

22       Interrogatory number six asks "[a]t any time did Plaintiff sign for this alleged incoming

23  legal mail into Folsom State Prison?  If yes, turnover [sic] any copies of signed documentation by

24  Plaintiff."  ECF No. 35 at 11.

25       Defendant offered the same objections to this interrogatory as to the previous

26  interrogatory.  *Id.*  Again, I agree.

27       Plaintiff should be aware if he signed for the legal mail at issue.  And, again, this suit is

28  not a vehicle for relitigating whether some evidence underlies his disciplinary conviction.  The

1  only claim at issue is whether defendant violated his rights when he refused to allow him to call

2  Reyerbach as a witness.

3              **VI.     Interrogatory Number Seven**

4        Interrogatory number seven asks, "[a]t anytime [sic] was Plaintiff[']s cell searched

5  regarding this Rule Violation Report #6945621 dated Dec. 12, 2019?"  *Id.* at 12.

6        Defendant objected to this interrogatory on relevance grounds and asserted that

7  "regarding" was vague and ambiguous insofar as his cell was subject to search at any time.  *Id.*

8        In his motion to compel, plaintiff asserts that this information would somehow prove that

9  he was innocent of the conspiracy charge.  ECF No. 29 at 6.  I disagree.  First, plaintiff has failed

10  to explain how this information would bear on his innocence.  Second, there is no claim that the

11  conviction was unsupported by some evidence.  Defendant's objections are upheld.

12              **VII.    Interrogatory Number Eight**

13        Interrogatory number eight asks, "[h]ave you ever witnessed any falsification of

14  documents or wrong doing by correctional officers or co-workers against inmates?  If so, by who

15  against what inmate."  ECF No. 35 at 12.

16        Defendant objected, stating that the interrogatory was overly broad as to time, irrelevant,

17  compound, protected by the official information, attorney client, and work product privileges.  *Id.*

18        I agree that this interrogatory is overbroad.  The term "wrongdoing" is so broad that it

19  could encompass everything from mere unprofessionalism to violations of a prisoner's

20  constitutional rights.  Plaintiff has made no attempt to limit its scope or explain how unrelated

21  instances of wrongdoing bear on the claim in this case.  In his motion to compel, he claims that

22  such information might show that defendant had violated other inmates' due process rights and

23  would establish the existence of the "green wall" that protects officers' bad behavior.  ECF No.

24  29 at 6.  The interrogatory itself contains no limitation on the type of misconduct inquired about,

25  and it does not limit that misconduct to defendant.  And, even if such a limitation were construed,

26  propensity evidence is not admissible in section 1983 cases.  Fed. R. Evid. 404(b)(1).  In some

27  cases, such evidence may be used to prove motive, opportunity, intent, or lack of accident, but

28  plaintiff has not alleged that it has any such utility here.  The objections are upheld.

### VIII.   Interrogatory Number Nine

Interrogatory number nine asks, "[h]ave you ever gone against your co-workers on behalf of an inmate in the interest of justice?  If yes, how many inmates and why."  ECF No. 35 at 13.

Defendant offered the same objections, *id.*, and they are upheld for the same reasons as those stated in the analysis of the previous interrogatory.

### IX.   Interrogatory Number Ten

Interrogatory number ten asks, "[h]ave you ever retaliated against an inmate for any reason?  If yes, who and why?"  *Id.* at 14.

Defendant offered the same objections, *id.*, and they are upheld for the same reasons as stated in the analysis of the two previous interrogatories.

### X.   Interrogatory Number Eleven

Interrogatory number eleven asks, "[h]ave you ever found any other inmate guilty without and proof beyond the RVR (Rule Violation Report)?  If yes, who and why."  *Id.* at 14.

Defendant objected to the interrogatory as vague, ambiguous, overly broad, compound, seeking privileged information, and that the phrase "without and proof beyond the RVR" is unintelligible.  *Id.* at 14-15.

The objections are upheld.  The interrogatory is logically understood to ask whether defendant has ever found another inmate guilty with no proof of violation other than the rules violation report.  Plaintiff claims that this information will allow him to prove that defendant has a propensity to disregard procedure and violate other inmates' due process rights.  ECF No. 29 at 8.  As noted above, propensity evidence is not admissible in section 1983 suits.  And dissemination of other inmates' disciplinary records could, as defendant points out, risk institutional security.

### XI.   Interrogatory Number Twelve

Interrogatory number twelve asks, "[h]ow many 602 grievences [sic], and staff complaints have you had filed against you since you've been working for (CDCR) California Department of Corrections?"  *Id.* at 15.

Defendant objected to the interrogatory as overly broad as to time, seeking irrelevant

1  information, and seeking privileged information.  *Id.*

2       These objections are upheld.  The number of grievances of any kind filed against

3  defendant bears no relevance to the claim at bar and plaintiff's failure to include any limitation in

4  his interrogatory renders it overbroad.  In his motion to compel, plaintiff again asserts that

5  grievances filed against defendant may demonstrate his propensity to violate procedure and abuse

6  his authority.  ECF No. 29 at 8-9.  Again, propensity evidence is not admissible in section 1983

7  cases.  And simply providing plaintiff with a number of grievances does nothing to prove that

8  defendant has a particular propensity, even if such evidence were admissible.

9                    **XII.    Interrogatory Number Thirteen**

10      Interrogatory number thirteen is a companion to interrogatory number twelve and asks

11  what all of the grievances filed against defendant dealt with.  ECF No. 35 at 16.

12      Defendant offered the same objections, *id.*, and they are upheld for the same reasons

13  stated in the analysis of the previous interrogatory.

14                    **XIII.    Interrogatory Number Sixteen**

15      Interrogatory number sixteen asks "[i]s it a violation to open and search legal mail out of

16  the presence of the inmate as stated in CDCR Title 15 Sec. 3143(a) 3144(a)."  *Id.* at 17.

17      Defendant objected to this interrogatory as seeking irrelevant information, is

18  argumentative, and is overly broad as to time.  *Id.*

19      The objections are upheld.  In his motion to compel, plaintiff argues that this information

20  will enable him to prove that procedure was not followed when the contraband at issue was

21  discovered.  ECF No. 29 at 10.  As stated above, there is no active claim that plaintiff's

22  disciplinary conviction was not supported by "some evidence."  And whether procedure was

23  followed at the time of the contraband's discovery does not bear on the issue of whether plaintiff

24  should have been allowed to call a witness in his defense.

25                    **XIV.    Interrogatory Number Seventeen**

26      Interrogatory number seventeen asks, "[a]re you familiar with the CDCR title 15?"  ECF

27  No. 35 at 17.

28      Defendant offered various objections, but ultimately stated that he was "aware" of that

1    tile.  *Id.*

2           I find that no further answer should be compelled.  The interrogatory only asked whether

3    plaintiff was familiar with title 15 and defendant answered that he was aware of it.  In his motion

4    to compel, plaintiff argues that "aware" is not the same as "familiar."  ECF No. 29 at 10-11.  If

5    plaintiff wanted to ask about a certain degree of familiarity, he should have specified a provision

6    of the title or defined "familiar" in his interrogatory.  Having failed to do that, he must accept the

7    answer provided.

8                              **XV.    Interrogatory Number Eighteen**

9           Interrogatory number eighteen asks, "[w]ere you required to find some evidence in

10   support of each element of conspiracy as listed in Cal-Crim No - 415 (Penal Code 182)?  If yes

11   attach and show/explain how they specifically support your answer."  ECF No. 35 at 18.

12          Defendant objected to the interrogatory as vague and ambiguous, seeking irrelevant

13   information, asking for a legal opinion, and compound.  *Id.*

14          Defendant's objections are upheld.  Plaintiff's motion to compel indicates that he wants

15   this information to prove that the elements of a conspiracy were not met in his conviction.  ECF

16   No. 29 at 11.  Plaintiff may wish to substantively relitigate his disciplinary hearing, but this case

17   is not a vehicle for doing so.

18                              **XVI.    Interrogatory Number Twenty**

19          Interrogatory number twenty asks, "[w]here [sic] you aware at the time of the hearing, that

20   conspiracy cannot be based on e.g., guesswork or suspicion?"  ECF No. 35 at 18.

21          Defendant objected to the interrogatory as vague and ambiguous, asking for a legal

22   opinion, seeking irrelevant information, and argumentative.  *Id.*

23          These objections are upheld.  This interrogatory is little more than a thinly veiled swipe at

24   the validity of his conviction and does not seek any useful or relevant information.

25                              **XVII.   Interrogatory Number Twenty-Three**

26          Interrogatory number twenty-three asks, "[w]here in your findings or [sic] RVR log

27   #6945621 did you articulate proof of an agreement between Plaintiff Gutierrez and two or more

28   persons? Be advised you may not use guesswork."  *Id.* at 19.

Defendant objected to this interrogatory as irrelevant and vague and ambiguous as to "proof of an agreement." *Id.* He also contends that the hearing decision document speaks for itself. *Id.* Subject to these objections, defendant explained that there was substantial evidence that sender of the cell phone was aware of the specifics of plaintiff's confinement (building, tier, cell number) and took pains to ensure that cell phone would not be discovered, thereby indicating coordination between plaintiff and the sender. *Id.* at 19-20.

This interrogatory has been answered. In his motion to compel, plaintiff argues that evidence relied upon was "guesswork," ECF No. 29 at 12, but his disagreement with the outcome does not mandate a different answer.

### XVIII.   Request for Production Number Four

Request for production number four requests, "[d]isciplinary hearing manuals guidelines with regards to finding an inmate guilty of 'conspiracy of any division D offense.'" ECF No. 35 at 21.

Defendant objected to the request as vague and ambiguous as to time and the phrase "disciplinary hearing manuals guidelines." *Id.* Subject to these objections, defendant produced Bates-stamped documents. *Id.*

I will compel no further production. In his motion to compel, plaintiff takes issue with the documents insofar as none of them state the elements required to find him guilty of conspiracy. ECF No. 29 at 13. That plaintiff finds the documents deficient does not render them unresponsive or compel a finding that other relevant documents were withheld.

### XIX.   Request for Production Number Five

Request for production number five requests, "all relevant documents including specific pages of the senior hearing officers disciplinary manual that support your answer/guilty virdict [sic]." ECF No. 35 at 21.

Defendant objected that the phrase "senior hearing officers disciplinary hearing manual" was vague and ambiguous. *Id.* Notwithstanding those objections, defendant produced Bates-stamped documents. *Id.*

I will compel no further production. In his motion to compel, plaintiff argues that none

of these documents set forth the elements required to find him guilty of conspiracy.  ECF No. 29 at 13.  As with the previous request for production, plaintiff's contention that the documents contain a substantive deficiency does not compel further production.

## XX.   Request for Production Number Seven

Request for production number seven requests, "[p]olicy and procedures for staff and clerks that work in the mailroom when they suspect contraband contained in the mail."  ECF No. 35 at 21.

Defendant objected to the request as vague as to time and seeking irrelevant information.  *Id.* at 21-22.

The objections are upheld.  As with the interrogatories seeking information about mailroom procedure, this information is not relevant to the claim at issue in this suit.  Plaintiff's motion to compel indicates that he seeks that information to show that there was insufficient evidence to convict him, ECF No. 29 at 14, though he does not explain how knowledge of the mailroom procedures or staff's failure to follow those procedures would conceivably exonerate him.

## XXI.   Request for Production Number Eight

This request seeks, "[a]ny and all documents that refer or relate to policys [sic], procedure and practices at Folsom State Prison effect Jan. 1, 2019 until Jan. 1, 2020 concerning incoming legal mail."  ECF No. 35 at 22.

Defendant offered the same objections to this interrogatory as in request for production number seven.  *Id.*  The objections to request for production eight are upheld for the same reasons.

## Motion to Appoint Counsel

Plaintiff's request to appoint counsel, ECF No. 41, is denied.  A plaintiff in a section 1983 case does not have a right to counsel.  I may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances.  In

1    determining whether such circumstances exist, "the district court must evaluate both the

2    likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se

3    in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal

4    quotation marks and citations omitted). I cannot conclude that exceptional circumstances

5    requiring the appointment of counsel are present here. The allegations in the complaint are not

6    exceptionally complicated and, to date, plaintiff has capably litigated on his own. In his motion,

7    plaintiff asserts that his knowledge of the law is limited, as is his access to the law library. ECF

8    No. 41 at 1-2. He may, as needed, request reasonable extensions of time to ameliorate these

9    factors.

10                                    **Request for Response**

11            Finally, I will deny plaintiff's request for response, ECF No. 43, which pertains to his

12    pending motion to compel. Therein, plaintiff offers additional arguments and responds to

13    defendant's opposition to the motion to compel. I have reviewed it and find that nothing therein

14    alters the analysis set out above.

15                                         **Conclusion**

16            Accordingly, it is ORDERED that plaintiff's motion to compel, ECF No. 29, motion to

17    appoint counsel, ECF No. 41, and request for response, ECF No. 43, are DENIED.

18    IT IS SO ORDERED.

19
        Dated:    November 1, 2024                    _____
20                                                    JEREMY D. PETERSON
21                                                    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28