UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBALDO MIO GUTIERREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>J. PANTOJA, *et al.*,<br><br>  Defendants. | Case No.  2:22-cv-1492-TLN-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, alleges a violation of his due process rights at a disciplinary hearing related to a contraband cell phone.  Specifically, he alleges that defendant correctional lieutenant J. Pantoja, who presided over the hearing, did not allow plaintiff to question the correctional officer who found and reported the cell phone.  Defendant moves for summary judgment, arguing that plaintiff's claim is barred by the favorable termination rule, that defendant did not violate plaintiff's due process rights, and that he is entitled to qualified immunity.  In response, plaintiff has filed a brief that is labeled as an opposition and cross motion for summary judgment, but which is essentially a request to re-open discovery.  I recommend that plaintiff's request to re-open discovery be denied and that defendant's motion for summary judgment be granted.

**Background**

The undisputed facts reflect that on December 12, 2019, correctional officer P. Reyersbach discovered a contraband cell phone hidden in a package addressed to plaintiff. ECF No. 46-3 at 2. According to the Rules Violation Report ("RVR"), the package appeared to be legal papers sent to plaintiff from the Law Offices of Mifflin & Associates, but the bundle of papers had been cut to create a cavity to conceal a cell phone. *Id.* As part of his investigation, Reyersbach contacted the law office and confirmed that plaintiff was not a client. *Id.* Based on this information, Reyersbach surmised that plaintiff and the unknown sender had attempted to utilize the legal mail system at the prison as a cover to smuggle a contraband cell phone into the prison. *Id.*

Plaintiff's disciplinary hearing for the contraband cell phone was held on December 27, 2019. *Id.* Plaintiff was served a copy of the RVR charging him with conspiracy to possess a cell phone, and he received notice of the hearing six days prior to the hearing date. *Id.* at 2-3; ECF No. 46-4 at 1. Defendant, the presiding officer of the hearing, found plaintiff guilty of the charge. ECF No. 46-2 at 2. As part of the hearing and decision, defendant considered: the RVR and photographs taken by Reyersbach, plaintiff's statements during the hearing that plaintiff did not have knowledge of the cell phone or sender, and plaintiff's prior history of possessing contraband cell phones. ECF No. 46-4 at 5. Plaintiff was convicted and lost 90 days of good-time credit. *Id.*

In his second amended complaint, plaintiff alleges that defendant violated his due process rights with respect to the disciplinary hearing by "not allowing" plaintiff to call and question Reyersbach as a witness. *Id.* Specifically, he alleges that defendant did not want to call Reyersbach for testimony and "did not want to put on the record" the questions that plaintiff had for Reyersbach. *Id.* The disciplinary hearing results log reflects that plaintiff did not request any witnesses. ECF No. 46-4 at 4. At his deposition, plaintiff testified that the only discussion he could recollect having with defendant during the hearing concerned plaintiff's lack of knowledge of the sender, mail, and cell phone. ECF No. 46-7 at 29-32.

**Legal Standard**

A.   **Summary Judgment**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computs., Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The same standards apply to both a motion for summary judgment and a motion for summary adjudication. *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing either that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider materials in the record not cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an

3

essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

### B. Favorable Termination Rule

"A state prisoner cannot use a § 1983 action to challenge the 'fact or duration of his confinement,' because such an action lies at the 'core of habeas corpus.'" *Simpson v. Thomas*, 528 F.3d 685, 693 (9th Cir. 2008) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Thus, where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must first establish that the underlying sentence or conviction has already been invalidated on appeal, by a habeas petition, or terminated in his favor via some other similar proceeding. *Heck v. Humphrey*, 512 U.S. 487-88 (1994). This "favorable termination" rule applies to prison disciplinary proceedings,

4

if those proceedings resulted in the loss of good-time or behavior credits. *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging validity of procedures used to deprive prisoner of good-time credits is not cognizable under § 1983).

Conversely, a § 1983 claim that will not necessarily invalidate the underlying disciplinary action may proceed. *See Muhammad v. Close*, 540 U.S. 749, 754 (2004) (discussing "the mistaken view expressed in Circuit precedent that *Heck* applies categorically to all suits challenging prison disciplinary proceedings"); *see also Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1133 (9th Cir. 2011) (Fourth Amendment excessive force claim not *Heck*-barred because "[a] holding in [the plaintiff's] § 1983 case that the use of the dog was excessive force would not negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of [the plaintiff's] attempt to resist it") (internal quotation omitted).

**Analysis**

Defendant moves for summary judgment on three grounds: (1) plaintiff's due process claim is barred by *Heck* and *Edwards*; (2) plaintiff was afforded all process due under *Wolff v. McDonnell*, 418 U.S. 539 (1974); and (3) defendant is entitled to qualified immunity. ECF No. 46-1. In response, plaintiff has filed a brief styled as an opposition and cross motion, arguing that defendant engaged in delay tactics that prevented plaintiff from obtaining discovery, and that the allegations in his second amended complaint demonstrate why this matter should proceed. ECF No. 49 at 3-5. In other words, plaintiff takes the position that defendant's motion should be denied on unfairness grounds and that discovery should be re-opened to permit plaintiff to pursue his claim. *Id.*

As a preliminary matter, any request for an extension of a deadline set forth in the scheduling order was to be filed before the relevant deadline. ECF No. 27 at 5. Typically, a scheduling order can be modified only "upon a showing of good cause." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and quotations omitted); *see* Fed. R. Civ. P. 16(b). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic*, 302 F.3d at 1087 (citation and quotations

omitted). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id.* (citation and quotations omitted).

Discovery closed in this case on July 26, 2024, and plaintiff did not move to re-open discovery until January 10, 2025.[1] ECF No. 27 at 4; *see* ECF No. 49. Besides pointing to the denial of plaintiff's motion to compel, plaintiff has not explained why he was unable to obtain discovery within the time provided in the discovery and scheduling order, or why he did not seek an extension prior to the discovery deadline. *See* ECF No. 49. Moreover, there is no indication here that permitting further discovery would yield relevant information. In his opposition brief, plaintiff argues that he seeks discovery concerning testimony that Reyersbach "would have provided" at the disciplinary hearing had plaintiff been able to call him as a witness. ECF No. 49 at 4. However, plaintiff's due process claim concerns whether he was denied the *right* to call witnesses at his disciplinary hearing, not what that testimony would have entailed. Accordingly, I do not find re-opening discovery to be justified here. *See* Fed. R. Civ. P. 26(b) (discovery must be "relevant to any party's claim or defense and proportional to the needs of the case").

Based on plaintiff's desire for discovery that would be contrary to the information recorded in the RVR, which forms the basis of the accusations against him, plaintiff seeks to attack the conviction itself. However, a § 1983 claim is not the appropriate vehicle for such an attack. *See Hebrard v. Nofziger*, 90 F.4th 1000, 1010 (9th Cir. 2024) ("So long as the claim 'indirectly [seeks] a judicial determination that necessarily implies the unlawfulness of the [duration of the] State's custody,' *Heck* and *Edwards* require his § 1983 cause of action to be dismissed—'only habeas corpus (or similar state) remedies' can be used to obtain such a ruling.") (citation omitted).

Defendant argues that *Edwards* shows why plaintiff's claim cannot proceed. ECF No. 46-1 at 9. I agree. In *Edwards*, the plaintiff alleged that he was denied due process because the hearing officer (1) did not allow him to call witnesses who possessed exculpatory evidence, and (2) was biased and lied about the nonexistence of certain witness statements. *See Edwards,* 520

---

[1] I interpret plaintiff's brief responding to defendant's motion for summary judgment as a motion to re-open and conduct further discovery. *See* ECF No. 47.

6

1  U.S. at 646-47.  The court held that *Heck* barred the plaintiff's due process claim because "[t]he
2  principal procedural defect complained of by [the prisoner] would necessarily imply the invalidity
3  of the deprivation of his [earned]-time credits." *Id*. at 646.  Similarly, here, plaintiff alleges that
4  he was denied due process at his disciplinary hearing because defendant refused to call the
5  accusing officer to testify.  ECF No. 16-4 at 5.  As in *Edwards*, plaintiff's due process claim, if
6  established, would necessarily imply the invalidity of the proceedings and forfeiture of time
7  credits against him.  *See Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) ("There is no
8  question in this case that [plaintiff] seeks damages for the unconstitutional deprivation of the
9  good-time credits themselves, and that if he succeeded in showing that the prison officials acted
10 contrary to all of the evidence, a finding in his favor would imply the invalidity of the revocation .
11 . . ."); *Luster v. Amezcua*, No. 16-cv-0554-LJO-GSA, 2019 WL 1442992, at *8 (E.D. Cal. Apr. 1,
12 2019) (prisoner's claim barred by *Heck* because the plaintiff's theory depended on finding that
13 charges against her were false, which would necessarily imply invalidity of punishment imposed).
14 Because a determination favorable to plaintiff would imply that his conviction for the contraband
15 cell phone was invalid, plaintiff's claim is barred.  *See Trimble v. City of Santa Rosa*, 49 F.3d
16 583, 585 (9th Cir. 1995) (proper course for claims barred by *Heck* is dismissal without prejudice
17 to refiling if the conviction is later invalidated).

18      Even if plaintiff could overcome the *Heck* and *Edwards* bar, there is no dispute that
19 plaintiff was afforded the requisite due process procedures for his disciplinary hearing.  Due
20 process in prison disciplinary hearings requires only that the prisoner receive: (1) advanced
21 written notice of the alleged violation; (2) an opportunity to present evidence and call witnesses,
22 unless doing so would be hazardous to institutional security; and (3) legal assistance where the
23 charges are complex or the prisoner is illiterate.  *Wolff*, 418 U.S. at 563-70.  Where a decision
24 involves the revocation of a prisoner's good time credits, due process also demands that the
25 adverse decision be supported by "some evidence."  *Superintendent v. Hill*, 472 U.S. 445, 455
26 (1985).

27      Here, defendant has presented undisputed evidence that plaintiff was served a copy of the
28 RVR charging him with conspiracy to possess a cell phone, and that he received notice of the

7

1    hearing six days prior to the hearing date. *Id.* at 2-3; ECF No. 46-4 at 1; ECF No. 49 at 37. The
2    disciplinary hearing results log reflects that plaintiff did not request any witnesses, and plaintiff
3    does not dispute this in his opposition. ECF No. 46-4 at 4; *see* ECF No. 49. And at his
4    deposition, plaintiff testified that the only discussion he could remember having with defendant
5    during the hearing concerned his lack of knowledge of the alleged conspiracy—not about calling
6    Reyersbach as a witness. ECF No. 46-7 at 29-32. Finally, defendant met the threshold of
7    providing "some evidence" in finding plaintiff guilty. *Hill*, 472 U.S. at 455. Specifically,
8    defendant considered the RVR, the photographs taken by Reyersbach, plaintiff's statements
9    during the hearing, and plaintiff's prior history of possessing contraband cell phones. ECF No.
10   46-4 at 5.

11         To defeat the defendant's motion for summary judgment, plaintiff must come forward
12   with admissible evidence to raise a triable issue of material fact on the issue of whether he was
13   afforded all the protections to which he was entitled. *See Celotex*, 477 U.S. at 322-23. Here,
14   plaintiff only points to the operative complaint, which states that defendant did "not allow[]
15   plaintiff to bring officer P. Reyersbach to ask him questions." ECF No. 15 at 5. However, the
16   Ninth Circuit has held that "uncorroborated and self-serving testimony," without more, will not
17   create a "genuine issue" of material fact precluding summary judgment. *See Villiarimo v. Aloha*
18   *Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). A "conclusory, self-serving affidavit,
19   lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of
20   material fact." *Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2010) (citation omitted).
21   Plaintiff's argument—that further discovery would allow reconstruction of the testimony
22   Reyersbach hypothetically would have given at the hearing had he been called—is insufficient to
23   defeat defendant's motion for summary judgment. ECF No. 49 at 4; *see Harrison v. Marshall*,
24   No. CV 10-2300-GW (RNB), 2010 WL 5422540, at *11 (C.D. Cal. July 28, 2010) (rejecting due
25   process claim premised on petitioner's unsupported speculation that correctional officer "would
26   have testified differently than the account in his written report as set forth in the RVR" had he
27   been subject to questioning by petitioner at disciplinary hearing).

28         Because there is no genuine dispute that plaintiff received the procedural protections to

8

which he was entitled under *Wolff* over the course of the disciplinary proceedings and that "some evidence" supports defendant's finding—and because plaintiff's claim is barred by *Heck* and *Edwards*, the court need not and will not address defendant's remaining arguments.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's opposition, ECF No. 49, construed as a request to re-open discovery , be DENIED.

2. Defendant's motion for summary judgment, ECF No. 46, be GRANTED.

3. Judgment be entered in defendant's favor and against plaintiff.

4. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 27, 2025            _____
                                        JEREMY D. PETERSON
                                        UNITED STATES MAGISTRATE JUDGE

9